ORIGINAL

1  ARTHUR I. WILLNER, ESQ. (SBN 118480)
2  TERESA C. CHOW, ESQ. (SBN 237694)
   BERGER KAHN
3  A Law Corporation
   Mail Service:
4    Post Office Box 92621
     Los Angeles, CA  90009-9998
5  Location:
     4551 Glencoe Avenue, Suite 300
6    Marina del Rey, CA  90292-7925
   Tel:  (310) 821-9000 • Fax: (310) 775-8775
7
   Attorneys for Defendant JETBLUE AIRWAYS CORPORATION
8

FILED
08 FEB -6 PM 4: 57
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___PM___  DEPUTY

9          UNITED STATES DISTRICT COURT
10          SOUTHERN DISTRICT OF CALIFORNIA
11                '08 CV 0240 JM POR

| 12  JALEH ABDOLAZADE,          | ) | CASE NO. |
| 13                 Plaintiffs, | ) | |
| 14  vs.                        | ) | **NOTICE OF REMOVAL OF ACTION UNDER 28  U.S.C. §1441(a) AND (b) [DIVERSITY JURISDICTION]** |
| 15  JETBLUE AIRWAYS            | ) | |
| 16  CORPORATION, a Delaware Corporation, and DOES 1-24 | ) | |
|     inclusive,                 | ) | |
| 17                             | ) | |
| 18                 Defendants. | ) | |

19
20      TO THE CLERK OF THIS COURT, TO PLAINTIFF, AND TO HER
21  ATTORNEY OF RECORD:
22      PLEASE TAKE NOTICE THAT Defendant JETBLUE AIRWAYS
23  CORPORATION ("Defendant JETBLUE") hereby removes to this Court the state
24  court action described below.
25      1.    On June 18, 2007, an action was commenced in the Superior Court of
26  the State of California in and for the County of San Diego, entitled *Jaleh*
27  *Abdolazade v. JetBlue Airways Corporation*, as Case Number 37-2007-00068505-
28  CU-PO-CTL.  A copy of the state court file, consisting of the Summons and

55647 ntc removal (fed).doc                    1

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA  90009-9998

1    Complaint for Damages, etc., along with Defendant JETBLUE's Answer, is

2    attached hereto collectively as Exhibit "A." This action arises out of personal

3    injuries allegedly sustained by Plaintiff while on board a JetBlue flight on or about

4    June 18, 2006.

5        2.    This action is a civil action of which this Court has original

6    jurisdiction under 28 U.S.C. §1332(a), and is one which may be removed to this

7    Court by Defendant JETBLUE pursuant to the provisions of 28 U.S.C. §1441(a)

8    and (b), in that it is a civil action between citizens of different states, and the

9    amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10       3.    The first date upon which Defendant JETBLUE received a copy of the

11   Complaint for Damages, etc. (the "Complaint") was on June 18, 2007, when it was

12   served with the Summons and Complaint. On September 7, 2007, Defendant

13   JETBLUE served its Request for Statement of Damages upon Plaintiff, which was

14   never responded to by Plaintiff despite follow-up by Defendant JETBLUE. On

15   January 24, 2008, Defendant JETBLUE was served with Plaintiff's Responses to

16   Defendant's Requests for Admissions (served by Defendant JETBLUE on

17   November 7, 2007), wherein Plaintiff denied, in response to Request for

18   Admission No. 5, that the amount in controversy does *not* exceed $75,000.00,

19   exclusive of interests and costs. A true and correct copy of the Request for

20   Admission and Responses is attached hereto collectively as Exhibit "B."

21   Accordingly, this removal petition is timely filed pursuant to the provisions of 28

22   U.S.C. §1446(b).

23       4.    Plaintiff's Complaint indicates that at all times relevant hereto, she

24   was a resident of the State of California, County of San Diego. (See Plaintiff's

25   Complaint, ¶1) Defendant JETBLUE was at the time of the filing of this action,

26   and still is, incorporated under the laws of the State of Delaware, having its

27   principal place of business in the State of New York. Defendant JETBLUE is the

28   only defendant that has been served with a Summons and Complaint in this action.

BERGER KAHN
*A Law Corporation*
P.O. Box 92621
Los Angeles, CA 90009-9998

1     5.     Accordingly, Defendant JETBLUE respectfully requests that the

2  action now pending against it in the Superior Court of the State of California,

3  County of San Diego, be removed to this Court and that the action be placed upon

4  the docket of this Court for further proceedings as though originally instituted in

5  this Court.

6

7  DATED: February 5, 2008               BERGER KAHN
                                         A Law Corporation
8

9

10 By: _____
                                         ARTHUR I. WILLNER
11                                       TERESA C. CHOW
                                         Attorneys for Defendant JETBLUE
12                                       AIRWAYS CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

55647 ntc removal (fed).doc                    3

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

2007 JUN 18 AM 3:01

HEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JETBLUE AIRWAYS CORPORATION, a Delaware Corporation, and
DOES 1-25 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JALEH ABDOLAZADE, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)*

**CASE NUMBER:**
*(Número del Caso:)* 37-2007-00068505-CU-PO-CTL

SUPERIOR COURT OF THE COUNTY OF SAN DIEGO
330 Broadway, San Diego CA 92101
Central Division

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Shahbaz Rahbari, CSBN: 220042, LAREYBI & ASSOCIATES
6650 Flanders Drive, Suite J, San Diego CA 92121, (858) 678-9429

DATE: **JUN 1 8 2007**
*(Fecha)*

Clerk, by _Wynnie S. Abella_, Deputy
*(Secretario)* **WYNNIE S. ABELLA** *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

000004

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

000001

EXHIBIT A

Shahbaz Rahbari, Esq. (SBN: 220042)
Allan Cate, Esq. (SBN: 248526)
LAREYBI & ASSOCIATES
6650 Flanders Drive, Suite J
San Diego, California 92121
Telephone (858) 6.78-9429
Facsimile (858) 678-8925

Attorney for Plaintiff,
JALEH ABDOLAZADE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| JALEH ABDOLAZADE, an individual, | CASE NO.: 37-2007-00068505-CU-PO-CTL |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES FOR: |
| JETBLUE AIRWAYS CORPORATION, a Delaware Corporation, and DOES 1-25 inclusive, | 1) NEGLIGENCE;<br>2) VIOLATION OF THE UNRUH ACT. |
| Defendants. | [Unlimited Civil Case]<br>[Amount Demanded Exceeds $25,000] |

## JURISDICTION, PARTIES AND VENUE

1.     Plaintiff JALEH ABDOLAZADE is an individual and is now, and at all relevant times herein was, a resident of the City and County of San Diego, California.

2.     Plaintiff is informed and believes and thereon alleges that Defendant JETBLUE AIRWAYS CORPORATION (hereinafter "Defendant") is, and at all times relevant times herein was, a Delaware Corporation licensed to conduct business in the State of California, doing business in the City and County of San Diego. Said defendant is an airlines company with continuous flights in and out of the City and County of San Diego on a daily basis.

1

COMPLAINT FOR DAMAGES

000005

3.      Jurisdiction and venue is proper in this Court because: (a) Plaintiff resides in the City and County of San Diego; (b) The Defendant does business in the City and County of San Diego on a daily basis; (c) Plaintiff's damages exceeds $25,000.00 exclusive of costs, attorney's fees, and interest.

4.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, whether individual, corporate, associate, or otherwise, are fictitious names of Defendants whose true names and capacities at this time are unknown to Plaintiff.

5.      Plaintiff is informed and/or believes and thereon alleges that at all times herein mentioned each of the Defendants sued herein as DOE was the agent, servant, and employee of his or her Defendants, and in doing the things hereinafter mentioned, was acting in the scope of his or her authority as such agent, servant, and employee, and with permission and consent of his or her Defendants; and that each of said fictitiously-named Defendants, whether an agent, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiff on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged. At such time as Defendants' true names becomes known to Plaintiff, Plaintiff will ask leave of this Court to amend the Complaint to insert said true names and capacities.

## FACTS

7.      Plaintiff hereby incorporates paragraphs 1-6, by reference herein and re-alleges each and every fact stated therein, as though fully set forth.

8.      Plaintiff is of Iranian origin.  On or about June 18, 2006, plaintiff was a passenger on Defendant's flight # 314 going from San Diego to Washington D.C.  During this flight one of the flight attendants brought Plaintiff a cup of coffee and placed it on Plaintiff's book located on the tray without a napkin. The coffee spilled; therefore, Plaintiff needed a napkin and requested one from a flight attendant who ignored her request and walked away.  Plaintiff then got up from her seat and walked up to the flight attendant at the attendants' station which was also near the restroom and again requested a napkin.  The flight attendant opened the door of the bathroom and declared in a surly and rude manner to "get one from in there".

2

COMPLAINT FOR DAMAGES

9.      The Plaintiff was next to the restroom door when suddenly the plane was rocked by turbulence.  The force of the turbulence flung the Plaintiff into the restroom whereupon she abruptly struck the walls of the restroom and eventually fell into the toilet sustaining various injuries including to her head and back; at the of her leaving her seat the "fasten seat belt" light was not turned on.  When the Plaintiff fell and struck her head the flight attendant made no effort to assist her even though she was closest to Plaintiff.  Instead another flight attendant assisted the Plaintiff; Plaintiff is informed and believes and thereon alleges that the surly and rude flight attendant was discriminating against Plaintiff due to her Iranian origin. The flight itself landed at the Dallas National Air Port in Washington D.C. and Plaintiff, per Defendants' instructions, was taken off the plane in a stretcher and transported by paramedics to the Emergency Department of Reston Hospital Center for treatment of her injuries.  As a result of this incident Plaintiff has and continues to suffer from various injuries including, but not limited to, headaches, chronic fatigue, dizziness, nightmares, and residual pain and suffering.

10.      Although specific demands have been made, Defendants have failed to compensate Plaintiff for her injuries.

### FIRST CAUSE OF ACTION

### (NEGLIGENCE and BREACH OF COMMON CARRIER DUTY)

11.      Plaintiff hereby incorporates paragraphs 1-10, by reference herein and re-alleges each and every fact stated therein, as though fully set forth.

12.      That at all times herein alleged, the Defendants had a duty, commonly known as the "Common Carrier Duty", to protect Plaintiff from foreseeable harm arising from an air flight. In the manner above, the Defendants failed to fulfill their duties to the Plaintiff.

13.      As a natural and probable consequence of Defendants' breach of duty and Common Carrier Duty of Due Care, Plaintiff fell, striking her head on the rest room's toilet.

14.      As a proximate result of Defendants' wrongful acts alleged herein Plaintiff has been damaged in a sum within the jurisdictional limits of this court to be determined according to proof at time of trial, together with interest thereon at the legal rate.

COMPLAINT FOR DAMAGES

000007

## SECOND CAUSE OF ACTION

## (VIOLATION OF THE UNRUH ACT)

15.     Plaintiff hereby incorporates paragraphs 1-14, by reference herein and re-alleges each and every fact stated therein, as though fully set forth.

16.     The Unruh Civil Rights Act, (Section 51 et. seq. of the California Civil Code) precludes discrimination against **any persons** in all accommodations and services in all business services whatsoever, on the basis of sex, race, color, religion, ancestry or national origin.  In the manner pled above, the aforesaid flight attendant, due to the fact Plaintiff was Iranian, violated said civil rights act.

17.     As a proximate result of the wrongful acts alleged herein Plaintiff has been damaged in a sum within the jurisdictional limits of this court to be determined according to proof at time of trial, together with interest thereon at the legal rate.

18.     The above-recited actions of defendants were done with malice, fraud or oppression, and in reckless disregard of the plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

## ON THE FIRST CAUSE OF ACTION

1.     For general, special, statutory and actual damages according to proof at trial;

2.     For consequential and incidental damages;

3.     For maximum legal interest; and

4.     All other relief the court deems just and proper.

## ON THE SECOND CAUSE OF ACTION

1.     For general damages according to proof at trial;

2.     For statutory damages pursuant to Civil Code Section 52;

3.     For attorney's fees pursuant to Civil Code Section 52;

4.     For exemplary and punitive damages;

5.     For costs of suit herein incurred;

4

000008

6.    For maximum legal interest; and

7.    For such other and further relief as the court may deem proper.

### ON ALL CAUSES OF ACTION

1.    Attorney's fees and costs of the suit herein;

2.    All other relief the court deems just and proper.

Dated: June 18, 2007

Respectfully submitted,

LAREYBI & ASSOCIATES

Allan Cate
Attorney for Plaintiff,
JALEH ABDOLAZADE

5

COMPLAINT FOR DAMAGES

COPY

VIA FAX

1  ARTHUR I. WILLNER, ESQ. (SBN 118480)
   BERGER KAHN
2  A Law Corporation
   Mail Service:
3    Post Office Box 92621
     Los Angeles, CA 90009-9998
4  Location:
     4551 Glencoe Avenue, Suite 300
5    Marina del Rey, CA 90292-7925
   Tel: (310) 821-9000 • Fax: (310) 775-8775
6
7  Attorneys for Defendant JetBlue Airways Corporation

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       FOR THE COUNTY OF SAN DIEGO – CENTRAL JUDICIAL DISTRICT

10

11  JALEH ABDOLAZADE                    ) CASE NO. 37-2007-00068505-CU-PO-CTL
                                        )
12                  Plaintiffs,         )
                                        )
13  vs.                                 )
                                        ) **DEFENDANT JETBLUE AIRWAYS**
14  JETBLUE AIRWAYS                     ) **CORPORATION'S ANSWER TO**
    CORPORATION, a Delaware             ) **PLAINTIFF'S COMPLAINT FOR**
15  Corporation, and DOES 1-25         ) **DAMAGES**
    inclusive,                          )
16                                      ) DATE ACTION FILED:  06/18/2007
                    Defendants.         ) TRIAL DATE:         None
17

18

19          COMES NOW DEFENDANT JETBLUE AIRWAYS CORPORATION, for itself

20  and no others, in answer to Plaintiff's Complaint For Damages on file herein, and hereby

21  admits, denies and alleges as follows:

22          1.      Pursuant to the relevant provisions of section 431.30 of the California Code

23  of Civil Procedure, Defendant denies generally and specifically each and every allegation

24  of Plaintiff's Complaint, and the whole thereof, and denies that Plaintiff has been

25  damaged in any amount or sums whatsoever, or at all.

26          For its affirmative defenses, Defendant alleges as follows:

27  ///

28  ///

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2.      The Complaint, and each purported cause of action contained therein, fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Comparative Negligence)

3.      Defendant is informed and believes and thereon alleges that the damages to Plaintiff, if any, were directly caused in full or in part by her own negligence, carelessness and/or recklessness, or that of a third party, for which Defendant bears no responsibility and/or which comparatively reduces the percentage of negligence, fault and/or liability, if any, of Defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Speculative and/or Uncertain Damages)

4.      Defendant is informed and believes and thereon alleges that Plaintiff's damages, if any, are speculative and/or uncertain and therefore not compensable.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

5.      Defendant is informed and believes and thereon alleges that the Complaint and each purported cause of action contained therein are barred because Plaintiff failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE
### (Federal Preemption)

6.      The Complaint, and each cause of action alleged therein, is barred because Plaintiff's claims are preempted by federal law, including but not limited to the Airline

1   Deregulation Act, and the Federal Aviation Act and the Federal Aviation Regulations
2   promulgated thereto.
3
4                        **SIXTH AFFIRMATIVE DEFENSE**
5                                **(Waiver)**
6        7.     The Complaint, and each cause of action alleged therein, is barred by the
7   doctrine of waiver.
8
9                       **SEVENTH AFFIRMATIVE DEFENSE**
10                               **(Estoppel)**
11       8.     The Complaint, and each cause of action alleged therein, is barred by the
12  doctrine of estoppel.
13
14                        **EIGTH AFFIRMATIVE DEFENSE**
15                          **(Contract of Carriage)**
16       9.     The Complaint, and each cause of action alleged therein, is barred by the
17  terms and conditions of the contract of carriage that were incorporated in Plaintiff's
18  airline tickets.
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA  90009-9998

55647 Answer.doc                    3                    000012

Defendant JetBlue Airways Corporation's Answer to Plaintiff's Complaint for Damages

1    WHEREFORE, DEFENDANT prays for relief as follows:

2    1.    That Plaintiff take nothing pursuant to her Complaint, that judgment be

3    entered in favor of Defendant and against Plaintiff, and that the Complaint be dismissed

4    with prejudice;

5    2.    For costs of suit incurred herein;

6    3.    For any reasonable attorneys' fees allowed by law; and

7    4.    For further relief as the Court may deem just and proper.

8

9    August 20, 2007                          BERGER KAHN
                                              A Law Corporation
10

11

12    By: _____
                    ARTHUR I. WILLNER
13    Attorneys for Defendant JETBLUE
      AIRWAYS CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

55647 Answer.doc                    4                    000013
Defendant JetBlue Airways Corporation's Answer to Plaintiff's Complaint for Damages

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

*RE CASE NO.: 37-2007-00068505-CU-PO-CTL*

I am over the age of eighteen years and not a party to the within action. I am employed by Berger Kahn, A Law Corporation, whose business address is: 4551 Glencoe Avenue, Suite 300, Marina del Rey, California 90292 ("the firm").

On August 20, 2007, I served the within document(s) described as: **DEFENDANT JETBLUE AIRWAYS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** on the interested parties in this action: ☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)

☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

Shahbaz Rahbari, Esq. (SBN 220043)
Allan Cate, Esq. (SBN 248526)
LAREYBI & ASSOCIATES
6650 Flanders Drive, Suite J
San Diego, CA 92121
JAMES TAYLOR, ESQ.
LOS ANGELES
Tel.: (858) 678-9429

☒ **BY MAIL**(C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mail room in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Marina del Rey, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 20, 2007, at Marina del Rey, California.

SANDRA ALVARENGA

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

FILE

1  ARTHUR I. WILLNER, ESQ. (SBN 118480)
   TERESA C. CHOW, ESQ. (SBN 237694)
2  BERGER KAHN
   A Law Corporation
3  Mail Service:
    Post Office Box 92621
4   Los Angeles, CA  90009-9998
   Location:
5   4551 Glencoe Avenue, Suite 300
    Marina del Rey, CA  90292-7925
6  Tel:  (310) 821-9000 • Fax: (310) 775-8775

7  Attorneys for Defendant JetBlue Airways Corporation

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10       **FOR THE COUNTY OF SAN DIEGO – CENTRAL JUDICIAL DISTRICT**

11

12  JALEH ABDOLAZADE                    )   CASE NO. 37-2007-00068505-CU-PO-CTL
                                        )
13                  Plaintiffs,         )
                                        )
14  vs.                                 )   **DEFENDANT'S REQUEST FOR**
                                        )   **ADMISSIONS—SET NO. ONE**
15  JETBLUE AIRWAYS                     )
    CORPORATION, a Delaware             )   DATE ACTION FILED:   06/18/2007
16  Corporation, and DOES 1-25          )   TRIAL DATE:          None
    inclusive,                          )
17                                      )
                    Defendants.         )
18                                      )

19        PROPOUNDING PARTY:        Defendant JETBLUE AIRWAYS

20                                  CORPORATION

21        RESPONDING PARTY:         Plaintiff JALEH ABDOLAZADE

22        SET NUMBER:               ONE (1)

23

24        TO PLAINTIFF JALEH ABDOLAZADE AND HER ATTORNEY OF

25  RECORD:

26        Pursuant to section 2033.010 *et seq.* of the Code of Civil Procedure, you are

27  hereby requested to admit the truth of the following facts and the genuineness of any

28

*Side margin:* BERGER KAHN A Law Corporation P.O. Box 92621 Los Angeles, CA 90009-9998

**EXHIBIT B**

55647 RFA #1.doc                                    1                              C00015
                       Defendant's Request for Admissions—Set No. One

1  documents attached hereto as exhibits, under oath, within thirty (30) days of the date

2  hereof.

3       The terms **"YOU"** or **"YOUR"** shall refer to Plaintiff JALEH ABDOLAZADE

4  and may refer, if logically applicable, to any and all of the present or past attorneys,

5  agents, employees, servants, employers or other persons acting or purporting to act on

6  behalf of Plaintiff JALEH ABDOLAZADE.

7       Where the term **"IDENTIFY"** refers to a statement, **YOUR** answer should include

8  the statement verbatim.  If **YOU** are unable to provide the statement verbatim, **YOUR**

9  answer should provide as much of the statement as possible, or the substance of the

10  statement.

11       Where the term **"IDENTIFY"** refers to a person, please state the name, residence

12  address, residence telephone number, business address, and business telephone number of

13  that person.

14       Where the term **"IDENTIFY"** refers to a **WRITING**, please state the title of the

15  **WRITING**, describe the form of the **WRITING** (as defined in section 250 of the

16  Evidence Code), state the location of the **WRITING** and of all copies, and **IDENTIFY**

17  all persons in possession, custody and control of all copies of the **WRITING**.

18       Where the term **"IDENTIFY"** refers to an entity or business, state the address and

19  telephone number of the entity or business.

20       Where the term **"IDENTIFY"** refers to a civil action, state the title of the action,

21  the court, and the case number.

22       Where the term **"IDENTIFY"** refers to an airline flight, state the airline, the flight

23  number, the date of the flight, and the origin and destination of the flight.

24       The term **"WRITING"** is defined as in section 250 of the Evidence Code.

25       If any privilege is claimed as to any admission requested herein:

26            (a)    state the name of the privilege claims (e.g., attorney-client, work

27                   product);

28

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

1      (b)    state the name of the attorney, if any, with respect to whom the

2              privilege is claimed; and

3      (c)    state the facts upon which **YOU** rely as the basis for claiming the

4              privilege as to the specific admission.

5      The term **"DEFENDANT"** shall refer to Defendant JETBLUE AIRWAYS

6 CORPORATION, its agents, employees, representatives, or anyone else acting on behalf

7 of Defendant JETBLUE AIRWAYS CORPOPRATION.

8      The term **"INCIDENT"** means the circumstances and events surrounding the

9 injuries allegedly sustained by Plaintiff on JALEH ABDOLAZADE on June 18, 2006,

10 for which she seeks damages in this action.

11      The term **"SUBJECT FLIGHT"** means JetBlue flight number 314 on June 18,

12 2006, on which the **INCIDENT** allegedly occurred.

13

14                **REQUESTS FOR ADMISSIONS**

15

16 **REQUEST FOR ADMISSION NO. 1:**

17      Please admit that **YOU** are not in possession of any evidence, other than the

18 allegations in **YOUR** Complaint for Damages, in support of the contention that the flight

19 attendant(s) onboard the **SUBJECT FLIGHT** intentionally and arbitrarily discriminated

20 against **YOU** due to your Iranian origin.

21

22 **REQUEST FOR ADMISSION NO. 2:**

23      Please admit that **YOU** cannot **IDENTIFY** any passengers on the **SUBJECT**

24 **FLIGHT**, who witnessed the events and/or conversations alleged in **YOUR** Complaint

25 for Damages.

26

27

28

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

1 | **REQUEST FOR ADMISSION NO. 3:**

2      Please admit that the flight attendant(s) did not make any statements that support

3 the contention that they intentionally and arbitrarily discriminated against **YOU** due to

4 **YOUR** Iranian origin.

5

6 | **REQUEST FOR ADMISSION NO. 4:**

7      Please admit that the sudden turbulence that allegedly flung **YOU** into the aircraft

8 lavatory was not present at the time you left **YOUR** seat to request a napkin.

9

10 | **REQUEST FOR ADMISSION NO. 5:**

11      Please admit that the amount in controversy in the above-captioned matter does

12 *not* exceed the sum or value of $75,000, exclusive of interest and costs.

13

14 DATED: November 7, 2007                    BERGER KAHN

15                                           A Law Corporation

16

17                                           By: _Teresa Chow_____

18                                              ARTHUR I. WILLNER
                                               TERESA C. CHOW
                                               Attorneys for Defendant JETBLUE
19                                             AIRWAYS CORPORATION

20

21

22

23

24

25

26

27

28

BERGER KAHN
*A Law Corporation*
P.O. Box 92621
Los Angeles, CA  90009-9998

1

## AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

2

*RE CASE NO.: 37-2007-00068505-CU-PO-CTL*

3

4     I am over the age of eighteen years and not a party to the within action.  I am
employed by Berger Kahn, A Law Corporation, whose business address is: 4551 Glencoe
Avenue, Suite 300, Marina del Rey, California 90292 ("the firm").

5

6     On November 7, 2007, I served the within document described as:
**DEFENDANT'S REQUEST FOR ADMISSIONS, SET NO. ONE PROPOUNDED
TO PLAINTIFF JALEH ABDOLAZADE** on the interested parties in this action:

7

8     ☒     by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed
envelope(s)  ☒ addressed as follows:

9     Shahbaz Rahbari, Esq.
Allan Cate, Esq.

10    LAREYBI & ASSOCIATES
6650 Flanders Drive, Suite J

11    San Diego, CA  92121
Tel.:  (858) 678-9429

12

13    ☒     **BY MAIL**(C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the
mail room in our offices.  I am "readily familiar" with the firm's practice of

14    collection and processing correspondence for mailing.  It is deposited with the
U.S. Postal Service on that same day with postage thereon fully prepaid at Marina

15    del Rey, California, in the ordinary course of business.  I am aware that on motion
of a party served, service is presumed invalid if postal cancellation date or postage

16    meter date is more than one day after the date of deposit for mailing in affidavit.

17    ☒     (State) I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

18

19    Executed on NOVEMBER 7, 2007, at Marina del Rey, California.

20

21

22                                STEPHANIE ROSSI

23

24

25

26

27

28

Document13

000019

BERGER KAHN
*A Law Corporation*
P.O. Box 92621
Los Angeles, CA  90009-9998

1  Shahbaz Rahbari Esq., CSBN: 220042
   LAREYBI & ASSOCIATES
2  6650 Flanders Drive, Suite J
   San Diego, CA 92121
3  Tel. (858) 678-9429
   Fax (858) 678-8925
4
   Attorneys for Plaintiff
5  JALEH ABDOLAZADE

6

7

8        **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

9                  **CENTRAL JUDICIAL DISTRICT**

10

11 JALEH ABDOLAZADE,              ) Case No.: **37-2007-00068505-CU-PO-**
                                  ) **CTL**
12          Plaintiffs,           )
                                  )
13                                )
14 v.                             ) **PLAINTIFF JALEH**
                                  ) **ABDOLAZADE'S RESPONSES TO**
15 JETBLUE AIRWAYS                ) **DEFENDANT'S REQUESTS FOR**
16 CORPORATION, a Delaware        ) **ADMISSIONS, SET ONE**
   Corporation, and DOES 1 to 25  )
17 inclusive,                     )
                                  )
18                                )
           Defendants.            )
19                                )

20

21      Propounding Party:     Defendant, JETBLUE AIRWAYS

22                             CORPORATION

23      Responding Party:      Plaintiff, JALEH ABDOLZADE

24      Set Number:            One

25

26      Plaintiff, JALEH ABDOLAZADE, hereby responds to Defendant

27 JETBLUE AIRWAYS CORPORATION's Requests for Admissions as follows:

28                              -1-                    000020
         PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSIONS, SET ONE

## **GENERAL OBJECTIONS**

1. These responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement contained herein if the requests were asked of, or any statement contained herein was made by, a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

2. Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or concession of the existence of any facts set forth or assumed by such interrogatory or that such answer constituted evidence of any fact thus set forth or assumed. All responses are given on the basis of present recollection.

3. Responding party has not completed investigation of all the facts relating to this case. Responding party makes these responses based upon the information presently available to responding party without prejudice to its right to supplement its responses and to utilize facts which may hereafter be discovered or become available to responding party.

4. Responding party objects to each request to the extent that it calls for information subject to the attorney-client privilege or attorney work product doctrine.

5. Responding party objects to each request to the extent that it is overbroad, burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

///

///

PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSIONS, SET ONE

## **RESPONSES TO REQUESTS FOR ADMISSIONS**

<u>RESPONSE TO REQUEST FOR ADMISSION NUMBER 1:</u>

Objection. This request is generally vague and ambiguous. This request also calls for speculation, is compound and overly broad, and requires a narrative response. Without waiving said objections this Plaintiff responds as follows:

Deny. I sustained multiple injuries as a result of the discriminatory conduct of flight attendant Corry. I am also in possession of documents relating to the confirmation of my ticket on flight number 314 on June 18, 2006.

<u>RESPONSE TO REQUEST FOR ADMISSION NUMBER 2:</u>

Objection. This request is generally vague and ambiguous, and as to the term "IDENTIFY". This request also calls for speculation, is compound and overly broad, and requires a narrative response. Without waiving said objections this Plaintiff responds as follows:

Deny. Passengers sitting next to me, seat numbers 22E and 22F, were witnesses to the events and conversations alleged in my complaint.

<u>RESPONSE REQUEST FOR ADMISSION NUMBER 3:</u>

Objection. This request is generally vague and ambiguous. This request also calls for speculation, is compound and overly broad, and requires a narrative response. Without waiving said objections this Plaintiff responds as follows:

Deny. As stated in my responses to Form Interrogatories and Special Interrogatories served herewith concurrently, flight attendant Corry made various statements to me supporting my contention that she discriminated against me, including, but not limited to, ordered me to get the napkin from the lavatory and ordering me back to my seat after my fall into the lavatory.

<u>RESPONSE TO REQUEST FOR ADMISSION NUMBER 4:</u>

Admit.

///

1    <u>RESPONSE TO REQUEST FOR ADMISSION NUMBER 5:</u>

2    Deny.

3

4    Dated: January 24, 2008                                    Respectfully Submitted,

5

6

7                                                              Shahbaz Rahbari
                                                              Attorney for Plaintiff
8                                                              Jaleh Abdolazade

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        -4-                          000523

ORIGINAL

FILED

08 FEB -6 PM 4:57

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _PM_  DEPUTY

1  ARTHUR I. WILLNER, ESQ. (SBN 118480)
2  TERESA C. CHOW, ESQ. (SBN 237694)
   BERGER KAHN
3  A Law Corporation
   Mail Service:
4    Post Office Box 92621
     Los Angeles, CA  90009-9998
5  Location:
     4551 Glencoe Avenue, Suite 300
6    Marina del Rey, CA  90292-7925
   Tel:  (310) 821-9000 • Fax: (310) 775-8775

7  Attorneys for Defendant JETBLUE AIRWAYS CORPORATION

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12  JALEH ABDOLAZADE,                )  CASE NO.
                                     )       (TBA)
13              Plaintiffs,          )
                                     )  '08 CV 0240 JM POR
14  vs.                              )
                                     )
15  JETBLUE AIRWAYS                  )  DEFENDANT'S PROOF OF
    CORPORATION, a Delaware          )  SERVICE RE NOTICE OF
16  Corporation, and DOES 1-24       )  REMOVAL OF ACTION
    inclusive,                       )
17                                   )
                Defendants.          )
18                                   )

19

20  TO THE CLERK OF THIS COURT:

21

22

23

24

25

26

27

28

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

55647 Proof Serv.doc                    1

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Berger Kahn, A Law Corporation, whose business address is: 4551 Glencoe Avenue, Suite 300, Marina del Rey, California 90292 ("the firm").

On February 5, 2008, I served the within document(s) described as:

**1. NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(a) AND (b) [DIVERSITY JURISDICTION];**
**2. CERTIFICATE OF INTERESTED PARTIES;**
**3. DEFENDANT'S DEMAND FOR JURY TRIAL**
on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
☒ addressed as follows:

Shahbaz Rahbari, Esq.
Allan Cate, Esq.
LAREYBI & ASSOCIATES
6650 Flanders Drive, Suite J
San Diego, CA 92121
Tel.: (858) 678-9429
Fax: (858) 678-8925

☒ **BY MAIL** (C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mail room in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Marina del Rey, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 5, 2008, at Marina del Rey, California.

*Sandra Alvarenga*
SANDRA ALVARENGA

BERGER KAHN
A Law Corporation
P.O. Box 92621
Los Angeles, CA 90009-9998

55647 Proof Serv .doc

2

ORIGINAL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

## I. (a) PLAINTIFFS

JALEH ABDOLAZADE

**DEFENDANTS**

JETBLUE AIRWAYS CORPORATION

08 FEB -6 PM 4:3

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    CLERK, U.S. DISTRICT COU
SOUTHERN DISTRICT OF CALIFO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY:           DEP

08 CV 0240 JM POR

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SHAHBAZ RAHBARI, CSBN 220042, Lareybi & Associates, 6650 Flanders Dr., Suite J, San Diego, CA 92121; (858) 678-9429

Attorneys (If Known)  Teresa C. Chow (SBN 237694)

Berger Kahn, A Law Corporation; 4551 Glencoe Avenue, Suite 300, Marina del Rey, CA 90292, (310) 821-9000; Fax (310) 775-8752

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1441(a) and (b) [Diversity Jurisdiction]

Brief description of cause:
Plaintiff alleges personal injuries sustained while on Defendant's aircraft.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)    JUDGE ____    DOCKET NUMBER ____

DATE    February 4, 2008

SIGNATURE OF ATTORNEY OF RECORD    Teresa Chow

FOR OFFICE USE ONLY

RECEIPT #  147334    AMOUNT  $350    2/6/08 BH    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 147334    — BH**

**February 06, 2008**
**16:30:23**

**Civ Fil Non-Pris**
USAO #.: 08CV0240 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.:                $350.00 CK
Check#.: BC# 129845

**Total—>  $350.00**

FROM: ABDOLAZADE V. JETBLUE AIRWAYS
       CIVIL FILING