ARTHUR I. WILLNER, ESQ. (SBN 118480)
TERESA C. CHOW, ESQ. (SBN 237694)
BERGER KAHN
A Law Corporation
Mail Service:
  Post Office Box 92621
  Los Angeles, CA  90009-9998
Location:
  4551 Glencoe Avenue, Suite 300
  Marina del Rey, CA  90292-7925
Tel:  (310) 821-9000 • Fax: (310) 775-8775

Attorneys for Defendant JETBLUE AIRWAYS CORPORATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JALEH ABDOLAZADE,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware Corporation, and DOES 1-24 inclusive,<br><br>　　　　　Defendants. | CASE NO. 3:08-cv-00240-JM-POR<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

TO THE HONORABLE COURT:

Pursuant to Federal Rule of Civil Procedure 26(f), the parties in the above-captioned action hereby submit their Joint Proposed Discovery Plan as follows:

1.　The parties agree that no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).  Pursuant to the Court's Order Following Early Neutral Evaluation Conference, the parties' Rule 26(a) Initial Disclosure shall be made by **May 16, 2008**.

2.　The parties agree that currently there is no need for discovery to be conducted in phases, or to be limited to or focused upon particular issues. However, during the Rule 26(f) conference held on April 18, 2008 in person,

defense counsel raised the possibility that certain discovery might require the production of sensitive security information, which Defendant claims cannot be disclosed without the express authorization of the Transportation Security Administration. Counsel for the parties agreed to address this issue if and when it arises. The non-expert discovery completion date should be **September 30, 2008**. The expert discovery completion date should be **November 30, 2008**. At this time, the parties anticipate that discovery may be needed on the following issues:

        A.    Defendant JETBLUE AIRWAYS CORPORATION ("JET BLUE")'s liability for the injuries/damages alleged in Plaintiff's Complaint;

        B.    The sequence of events leading up to and immediately following the incident alleged in Plaintiff's Complaint;

        C.    Claims, complaints and other lawsuits against Defendant JETBLUE and its policies and procedures regarding racial discrimination by crewmembers against passengers;

        D.    Defendant JETBLUE's policies and procedures regarding incidents involving inflight passenger injury, such as the one giving rise to this lawsuit;

        E.    The recollections of all crewmembers who witnessed any portion of the incident alleged in Plaintiff's Complaint;

        F.    The recollections of any identifiable passengers who witnessed any portion of the incident alleged in Plaintiff's Complaint;

        G.    The JETBLUE crewmembers' on-the-job performance records;

        H.    Plaintiff's medical/psychological history;

        I.    Plaintiff's physical and/or psychological examination; and

        J.    The nature and extent of Plaintiff's verifiable injuries/damages stemming from the incident alleged in Plaintiff's Complaint.

    3.    During this conference Plaintiff alleged, advised and/or informed Defendant that upon service of Plaintiff's complaint Defendant was on notice to

BERGER KAHN
*A Law Corporation*
P.O. Box 92621
Los Angeles, CA 90009-9998

1  maintain all electronically stored data/information relating to Plaintiff's
2  allegations, including, but not limited to, passenger and crewmember information
3  on the alleged flight on the date of the incident. Defendant alleged, advised and/or
4  informed Plaintiff that the extent and nature of Defendant's obligations to maintain
5  said electronically stored data/information is disputed and to be addressed if and
6  when it arises. The parties further agreed that all such data shall be produced in
7  printed/hard copy form, and if requested, in pdf/electronic form.

8    4.    The parties do not anticipate claiming privileges as to any documents
9  produced prior to the parties' Rule 26(f) conference. However, should the issue
10 arise, the parties shall either voluntarily stipulate to allow the claim of privilege to
11 be made, or else the party claiming the privilege must obtain a Court order through
12 the Court's procedure for discovery conferences.

13    5.    The parties agree that there are no changes that must be made to the
14 limitations on discovery set forth in Federal Rules of Civil Procedure, Rules 26 –
15 37. At this time, the parties agree that no other limitations on discovery should be
16 imposed.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

BERGER KAHN
*A Law Corporation*
P.O. Box 92621
Los Angeles, CA 90009-9998

6. At this time, the parties do not believe that any other orders must be entered by the Court under Federal Rules of Civil Procedure, Rule 26(c), or Rule 16(b) and (c).

DATED: May 8, 2008

BERGER KAHN
A Law Corporation


By:  s/Teresa C. Chow
    ARTHUR I. WILLNER
    TERESA C. CHOW
Attorneys for Defendant JETBLUE AIRWAYS CORPORATION

DATED: May 8, 2008

LAREYBI & ASSOCIATES


By:  s/ Shahbaz Rahbari
    SHAHBAZ RAHBARI
Attorneys for Plaintiff JALEH ABDOLAZADE

# Certificate of Service

*Jaleh Abdolazade vs. JetBlue Airways Corp.*
*Re Case NO. 3:08-cv-00240-JM-POR*

I hereby certify that on May 9, 2008, a copy of the following document was filed electronically.

**JOINT PROPOSED DISCOVERY PLAN**

Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System:

Shahbaz Rahbari, Esq.
LAREYBI & ASSOCIATES
6650 Flanders Drive, Suite J
San Diego, CA 92121
Tel.: (858) 678-9429
Fax: (858) 678-8925
*Attorneys for Plaintiff*

DATED: May 9, 2008

BERGER KAHN
A Law Corporation

By: ___s/Teresa C. Chow___
ARTHUR I. WILLNER
TERESA C. CHOW
Attorneys for Defendant JETBLUE AIRWAYS CORPORATION
E-mail: awillner@bergerkahn.com
E-mail: tchow@bergerkahn.com