1  Shahbaz Rahbari  CSBN 220042
   LAREYBI & ASSOCIATES
2  6650 Flanders Drive, Suite J
   San Diego, CA 92121
3  Tel:  (858) 678-9429
4  Fax: (858) 678-8925

5  Attorney for Plaintiff,
   JALEH ABDOLAZADE
6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10 **(HONORABLE JEFFREY T. MILLER)**

11

12  JALEH ABDOLAZADE,                         | **Case No.: 3:08-cv-00240-JM-POR**

13              Plaintiff,                    | **FIRST AMENDED COMPLAINT FOR**
14  vs.                                       | **DAMAGES FOR:**

15  JETBLUE AIRWAYS CORPORATION, a            | **1) NEGLIGENCE;**
16  Delaware Corporation, CORINNE HOXIT, an   | **2) VIOLATION OF THE UNRUH ACT.**
    individual, and DOES 1 to 25, Inclusive,
17              Defendants.                   | **DEMAND FOR JURY TRIAL**
18

19                          **PARTIES**

20      1.     Plaintiff is and at all herein alleged was a resident of the City and County of San Diego,
21  State of California.

22      2.     Defendant JETBLUE AIRWAYS CORPORATION (hereinafter defendant JETBLUE) is
23  and at all times herein alleged was a Delaware Corporation licensed to do business in the State of
24  California, doing business in the City and County of San Diego.  Said Defendant is an airlines company
25  with continuous flights in and out of the City and County of San Diego.

26      3.     Plaintiff is informed and believes and thereon alleges that Defendant CORINNE HOXIT,
27  formerly known as CORINNE SPENCER (hereinafter HOXIT) is and at all times herein alleged was a
28  flight attendant of Defendant JETBLUE.

First Amended Complaint for Damages          Page 1

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 25, inclusive, are unknown to Plaintiff at the present time. Plaintiff therefore sues said Defendants by such fictitious names and will seek leave of Court to amend this Complaint to set forth their true names and capacities thereof when the same have been ascertained.

5. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, were and are agents, servants, representatives, and/or employees of each of the other Defendants herein, and were at all times acting within the course and scope of such agency, representation and employment and with the permission and consent of each of said Defendants.

6. Wherever appearing in this complaint, each and every reference to Defendants and to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

**JURISDICTION**

7. The Court herein has original (diversity) jurisdiction under 28 U.S.C. § 1332(a), in that Plaintiff and Defendant(s) are citizens of different states and the amount in controversy exceeds $75,000.00, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This matter was originally filed in the Superior Court of California, County of San Diego (Case number: 37-2007-00068505-CU-PO-CTL), but was thereafter removed by defendant JETBLUE pursuant to provisions of 28 U.S.C. §1441(a).

**FACTUAL ALLEGATIONS**

8. Plaintiff hereby incorporates paragraphs 1-7 by reference herein and re-alleges each and every fact stated therein as thought fully set forth.

9. Plaintiff is of Iranian Origin. On June 18, 2006 Plaintiff was aboard Defendant JETBLUE's Flight Number 314 traveling from San Diego to Washington D.C.; she was seated in seat number 22D in the rear of this airplane. After take-off Plaintiff commenced reading two books, including a translation of Quran, for a political conference that she had planned to attend in the D.C. area. Plaintiff was essentially occupied with reading these books when, after approximately two and a half hours into this flight, she noticed that no beverages had been offered to her even though other

passengers had beverages. Plaintiff therefore asked defendant HOXIT, the flight attendant designated to her area, for coffee; however, Plaintiff was not provided with any coffee until she repeatedly requested same from Defendant HOXIT and after approximately half an hour had elapsed from her initial request. When Defendant HOXIT finally brought Plaintiff coffee she (Spencer) placed it on Plaintiff's book (which was open as Plaintiff was reading it) causing the coffee to spill this book and on Plaintiff's clothes. Plaintiff then asked for a napkin but Defendant HOXIT simply ignored her, turned around and went back to her station in the rear of the plane.

10. Plaintiff therefore immediately followed Defendant HOXIT and upon arriving at her station asked her for a napkin. Defendant HOXIT then opened the lavatory door and ordered Plaintiff to obtain the napkin from inside the lavatory. At this instance a turbulence threw Plaintiff inside the lavatory causing her body to strike and bounce-off its walls and confines repeatedly; Plaintiff eventually fell in the lavatory seat becoming unconscious. Upon regaining her consciousness Plaintiff found herself on the lavatory seat disoriented and in substantial pain. Instead of assisting her, Defendant SPENCER then ordered Plaintiff to go back to her seat. Plaintiff therefore returned to her seat but was dazed, disoriented, confused and in substantial pain.

11. Upon landing at the Dulles National Airport in Washington D.C., per Defendants' instructions, Plaintiff was carried off the airplane on a stretcher and transported by paramedics to the Emergency Department at Reston Hospital Center for examination and treatment of her injuries. As a result of this incident Plaintiff has, and continues to, suffer from various injuries including, but not limited to, headaches, chronic fatigue, dizziness, nightmares and residual pain and suffering.

12. Although specific demands have been made, to date Defendants have failed to compensate Plaintiff for her injuries and damages.

**FIRST CAUSE OF ACTION**

**(NEGLIGENCE AND BREACH OF COMMON CARRIER DUTY)**

13. Plaintiff hereby incorporates paragraphs 1-12 by reference herein and re-alleges each and every fact stated therein as thought fully set forth.

14. That at all times herein alleged, the Defendants, and each of them, had a duty to the Plaintiff, including the duty of care known as "Common Carrier Duty of Care", to protect her from

foreseeable harm arising from an air flight. Plaintiff is informed and believes and thereon alleges that, in the manner pled above, the aforesaid Defendants breached said duties of care thereby causing Plaintiff to suffer serious and severe bodily and emotional injuries.

15. As a proximate result of Defendants' wrongful acts and/or omissions alleged herein, Plaintiff has suffered, and will continue to suffer, special damages and expenses including, but not limited to, the following: a. Special damages exceeding $25,000.00; b. Future medical expenses exceeding $250,000.00; c. General damages in the sum of $500,000.00.

## SECOND CAUSE OF ACTION

## (VIOLATION OF THE UNRUH ACT OF CALIFORNIA)

16. Plaintiff hereby incorporates paragraphs 1-15 by reference herein and re-alleges each and every fact stated therein as thought fully set forth.

17. The Unruh Civil Rights Act, Section 51 et.seq. of the California Civil Code, precludes discrimination against any person(s) in all accommodations and services, in all business services whatsoever, on the basis of sex, race, color, religion, ancestry or national origin. Plaintiff is informed and believes and thereon alleges that, in the manner pled above, the Defendants, and each of them, violated said civil rights act due to the fact that Plaintiff was of Iranian Origin.

18. As a proximate result of Defendants' wrongful acts and/or omissions alleged herein, Plaintiff has suffered, and will continue to suffer, special damages and expenses including, but not limited to, the following: a. Special damages exceeding $25,000.00; b. Future medical expenses exceeding $250,000.00; c. General damages in the sum of $500,000.00.

19. Plaintiff is further informed and believes and thereon alleges that Defendants' actions and/or omissions were intentional, with malice, fraud, oppression, and/or in reckless disregard of the Plaintiff's rights and interests. Therefore, Plaintiff seeks an award of $2,000,000.00 in punitive damages against the Defendants.

20. The Unruh Civil Rights Act, Section 51 et.seq. of the California Civil Code, allows recovery of attorney's fees. Accordingly, Plaintiff is entitled to recovery of her attorney's fees against the Defendants.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. Under the first cause of action: General and special damages in a sum exceeding $775,000.00;

2. Under the second cause of action: General and special damages in a sum exceeding $775,000.00, punitive damages in the sum of $2,000,000.00, and recovery of attorney's fees;

3. On all causes of action: Costs of the suit herein; and

4. Any and all other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable to a jury.

Dated: 08-11-08                                             Respectfully Submitted,

                                                                               s/shahbaz rahbari____
Shahbaz Rahbari
Attorney for Plaintiff
JALEH ABDOLAZADE