UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALEH ABDOLAZADE, an individual,<br><br>            Plaintiff,<br><br>  v.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware Corporation,<br><br>            Defendant. | Civil No. 08-cv-0240-JM (POR)<br><br>**ORDER MODIFYING SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br>**[Dkt. No. 26.]** |

  On March 5, 2009, the parties submitted a joint motion and stipulation to continue certain pre-trial dates. (Dkt. No. 26.) Good cause appearing, the Court hereby modifies the scheduling order as follows:

  1.  The parties shall designate their respective experts in writing by **April 10, 2009**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be on or before **May 1, 2009**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

  2.  A Mandatory Settlement Conference shall be conducted on **April 29, 2009** at **2:00 p.m.** Counsel shall lodge <u>confidential</u> settlement statements <u>directly</u> with the chambers of Judge Porter on or before **April 22, 2009**. The settlement statements should include a neutral factual

statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and addressing special and general damages where applicable. The settlement statements **shall not** be filed with the Clerk of the Court. The settlement statements may be lodged with chambers via e-mail to: efile_Porter@casd.uscourts.gov.

All parties and claims adjusters for insured defendants and representatives <u>with complete authority</u>[1] to enter into a binding settlement, as well as the principal attorney responsible for the litigation, shall be present and legally and factually prepared to discuss and resolve the case at the settlement conference. Corporate counsel and/or retained outside corporate counsel **shall not** appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. The parties must be legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. All conference discussions will be informal, off the record, privileged and confidential.

Mandatory settlement conferences shall not be rescheduled without a showing of good cause and adequate notice to the Court. If counsel wish to reschedule this conference, they shall contact the Court at least 10 days prior to the conference. Absent exceptional circumstances, the Court will not reschedule this conference with less than 10 days notice. <u>Only in extreme circumstances will the Court reschedule a mandatory settlement conference with less than 24 hours notice.</u> 2. As to Plaintiff's pending discovery upon Defendant JETBLUE AIRWAYS CORPORATION, the date upon which the event giving rise to this discovery dispute will arise is deemed to be April 3, 2009, and accordingly Plaintiff's thirty (30) day period to file her motion to compel regarding this dispute shall commence on said date. Therefore, Plaintiff has until **May 4, 2009** to file said motion.

3. All discovery, except expert discovery, shall be completed on or before **May 8, 2009**. *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be

---

[1] "Complete authority" to settle means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of this Court no later than thirty days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

4.  On or before **May 8, 2009**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

5.  Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c)on or before **May 22, 2009**.

6.  Expert witness discovery shall be completed on or before **June 5, 2009**. *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of this Court no later than thirty days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

7.  All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **June 26, 2009**.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. Be advised that the parties must file their moving papers within three days of receiving the motion hearing date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be **up to two months**. Please plan accordingly.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed

1  25 pages in length without permission of the judge or magistrate judge who will hear the motion.
2  No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who
3  will hear the motion.
4       8.    The parties shall file their Memoranda of Contentions of Fact and Law in compliance
5  with Local Rule 16.1(f)(2), (3) and (4) and serve a copy on opposing counsel on or before **July 24,**
6  **2009**.
7       9.    All parties or their counsel shall fully comply with the Pretrial Disclosure
8  requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **July 24, 2009**.  *Failure to*
9  *comply with these disclosures requirements could result in evidence preclusion or other sanctions*
10  *under Federal Rule of Civil Procedure 37.*
11       10.    Counsel shall meet and confer regarding the preparation of the Pretrial Order, and
12  take the action required by Local Rule 16.1(f)(5), on or before **July 31, 2009**.
13       11.    The final Pretrial Order, including objections any party has to any other parties'
14  Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before
15  **August 7, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6).
16  Counsel shall also bring a copy of the Pretrial Order for the Court to the Pretrial Conference.
17       12.    The Pretrial Conference shall be held before the **Honorable Jeffrey T. Miller**,
18  United States District Court Judge, on **August 14, 2009**, at **8:30 a.m.**
19       13.    The trial shall commence in Judge Miller's courtroom on **September 14, 2009** at
20  **10:00 a.m.**
21       14.    The dates and times set forth herein will not be further modified except for good
22  cause shown.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

15. Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case hereafter.

DATED: March 11, 2009

_____
LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Jeffrey T. Miller
All parties